UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDISON HESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-844 AGF |
| | ) | |
| EILEEN RAMEY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner will be required to show cause why his petition should not be summarily dismissed due to his failure to exhaust state remedies.

On November 5, 2010, petitioner was charged with nine burglaries in the second degree, four counts of theft/stealing of $500 or more, two counts of theft/stealing of less than $500, one theft of a motor vehicle, one count of property damage in the first degree, and two counts of property damage in the second degree. *See State v. Hester,* No. 1022-CR05232-01 (22nd Judicial Circuit, St. Louis City). On May 29, 2014, petitioner was found permanently incompetent to proceed and the proceedings were suspended. Petitioner has not filed any other proceedings in the State of Missouri regarding his confinement.

Rule 4 of the Rules Governing § 2254 Cases states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

"As a prerequisite for federal habeas review, a petitioner must exhaust state remedies." *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). "To satisfy the exhaustion requirement,

a person confined in [a Department of Mental Health facility] must apply for release under [Mo. Rev. Stat. §] 552.040 before filing a petition for a writ of habeas corpus." *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). "Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals, and if unsuccessful there, apply for transfer to the Missouri Supreme Court." *Id.* Under § 552.040, the committed person may seek release from confinement in the court that committed him. Mo. Rev. Stat. § 552.040.5. The committed person then bears the burden of proving by clear and convincing evidence that he "does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering the person dangerous to the safety of himself or others." Mo. Rev. Stat. § 552.040.7(6).

It does not appear that petitioner has applied for release under § 552.040. As a result, petitioner has not exhausted his available state remedies. As such, the Court will require petitioner to show cause why this matter should not be dismissed without prejudice.

Petitioner has also filed a motion to appoint counsel (Docket No. 7). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, No. 16-3891, 2018 WL 4210497, at *3 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

2

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 7) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that petitioner shall show cause within twenty-one (21) days of the date of this Memorandum and Order why this action should not be dismissed for petitioner's failure to exhaust his state court remedies.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 24th day of September, 2018.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE