UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDISON HESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-CV-844 AGF |
| ) | |
| EILEEN RAMEY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's interlocutory request for a certificate of appealability. Petitioner seeks to appeal the Court's denial of his request for copies of his state court criminal files and his mental evaluations. The Court denied petitioner's request on October 23, 2018. (Docket No. 15). Petitioner's request was denied for a myriad of reasons.

First, the Court denied petitioner's request because at the time petitioner requested the documents, the Court had already issued an order to petitioner requiring him to show cause as to why he had failed to exhaust his state court remedies prior to filing his application for writ of habeas corpus in this Court.[1] (Docket No. 11).

---

[1] Petitioner is currently confined in the mental health facility at the Jefferson City Correctional Center, having been found permanently incompetent on May 29, 2014 in *State v. Hester*, No. 1022-CR05232-01 (22nd Judicial Circuit, St. Louis City). "As a prerequisite for federal habeas review, a petitioner must exhaust state remedies." *Frederickson v. Wood,* 87 F.3d 244, 245 (8th Cir. 1996). "To satisfy the exhaustion requirement, a person confined in [a Department of Mental Health facility] must apply for release under [Mo. Rev. Stat.] § 552.040 before filing a petition for a writ of habeas corpus." *Kolocotronis v. Holcomb,* 925 F.2d 278, 279 (8th Cir. 1991). "Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals, and if unsuccessful there, apply for transfer to the Missouri Supreme Court." *Id.* Under § 552.040, the committed person may seek release from confinement in the court that committed him. Mo. Rev. Stat. § 552.040.5. The committed person then bears the burden of proving by clear and convincing evidence that he "does not have, and in the reasonable

Additionally, the Court denied petitioner's request for documents because the Court was not in possession of the files requested by petitioner, and the State of Missouri was not yet before the Court such that the State could be ordered to produce the documents, as Rule 4 review had not yet been completed.[2] (Docket No. 15).

In his motion for certificate of appealability, petitioner asserts that the undersigned lacks neutrality and has become "the prosecutor" in this action. The Court will address petitioner's arguments as to the undersigned's duty of impartiality in a separate order.

Petitioner also asserts that he needs the documents from his state court file to show that one court found him "sane" while another court found him "insane" at the same time. To the extent that petitioner is asserting that he was found competent to stand trial in a revocation proceeding in November 2011, in *Missouri v. Hester*, No. 0722-CR07452-01 (22nd Circuit Court, St. Louis City), while another court found him incompetent to stand trial in May 2014 in *State v. Hester*, No. 1022-CR05232-01 (22nd Judicial Circuit, St. Louis City), these arguments are not relevant to the issue of whether petitioner has exhausted his state court remedies in the present habeas corpus action.

The relevant analysis when determining whether a certificate of appealability shall issue is whether jurists of reason would find it debatable: (1) if the application states a valid claim of the denial of a constitutional right; and (2) if the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

---

future is not likely to have, a mental disease or defect rendering the person dangerous to the safety of himself or others." Mo. Rev. Stat. § 552.040.7(6).

[2] Rule 4 of the Rules Governing Habeas Corpus Under Section 2254 requires the Court to "promptly examine" a habeas petition and if it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the District Court the Judge must dismiss the petition and direct the Clerk to notify the petitioner.

The Court finds that petitioner has not shown that jurists of reason would find it debatable that he has a valid claim of the denial of a constitutional right. The Court based its ruling denying petitioner's motion to compel on the facts in the record. Moreover, petitioner has failed to address the exhaustion requirement contained in the Missouri mental health statutes. However, these issues do not implicate petitioner's constitutional rights. As such, the Court will deny his application for a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated this 2nd day of January, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE