UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDISON HESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-844 AGF |
| | ) | |
| EILEEN RAMEY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion for hearing, which the Court has construed as a motion for recusal. (Docket No. 16). For the reasons discussed below, petitioner's motion is denied.

**Petitioner's Motion**

Petitioner's motion states, in relevant part: "Tell the Judge I want a hearing to remove him from my case. He is mean and cruel."[1] In a separate motion filed before the Court, petitioner expands on the reasons for his request. He states that the Court is "mean, prejudiced, biased and exceptionally unfair." (Docket No. 17 at 1). Specifically, petitioner asserts that the Court "has ordered him to respond without access to the files." This is in reference to the Court's denial of petitioner's request to order the State of Missouri to turn over petitioner's legal files. (Docket No. 17-1 at 1). In short, the basis of petitioner's motion is an adverse ruling rendered against him by the Court.

**Discussion**

The recusal of a judge is required if the judge bears a bias or prejudice that might call into

---

[1] Petitioner's motion is typed in all capital letters. In quoting from his motion, the Court has utilized traditional capitalization practices.

1

question his or her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). The disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). A judge is presumed to be impartial, meaning that the party that seeks recusal bears a substantial burden of proving otherwise. *Scenic Holding, LLC v. New Bd. Of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007). Moreover, "an unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal." *Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002). *See also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal").

Petitioner's motion for recusal is based on conclusory statements unsupported by any specific facts of bias or prejudice. Rather, petitioner relies solely on an adverse ruling against him to request recusal. As noted above, an adverse judicial ruling does not require a trial judge's recusal from a case. Therefore, petitioner's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for hearing, which the Court has construed as a motion for recusal (Docket No. 16), is **DENIED**.

Dated this 2nd day of January, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

2