# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDISON HESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-844 AGF |
| | ) | |
| EILEEN RAMEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of petitioner Edison Hester's response to the Court's September 24, 2018 order to show cause. (Docket No. 11). The Court had ordered petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed for failure to exhaust state remedies. Having reviewed petitioner's response, and for the reasons discussed below, the Court must dismiss this action for lack of exhaustion.

### Background

On November 5, 2010, petitioner was charged with nine counts of burglary in the second degree, four counts of theft/stealing of $500 or more, two counts of theft/stealing of less than $500, one count of theft of a motor vehicle, one count of property damage in the first degree, and two counts of property damage in the second degree. *State v. Hester*, No. 1022-CR05232-01 (22nd Cir., St. Louis City).[1] Citing concerns about petitioner's fitness to proceed in his criminal case, either pro se or with the assistance of counsel, the circuit court ordered that petitioner undergo a

---

[1] Petitioner's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these state public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

mental evaluation. On May 29, 2014, the circuit court found petitioner permanently incompetent and suspended proceedings. Petitioner did not file a direct appeal from this determination. Furthermore, there is no indication that petitioner has filed any other proceedings in the State of Missouri regarding his confinement.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 29, 2018, by placing it in the prison mail system.[2] On September 24, 2018, the Court ordered petitioner to show cause why his petition should not be dismissed for failure to exhaust administrative remedies. (Docket No. 11). In doing so, the Court noted that it did not appear that petitioner had applied for either conditional or unconditional release under Mo. Rev. Stat. § 552.040. Petitioner was given twenty-one days in which to show cause why his action should not be dismissed. The Court advised petitioner that failure to comply would result in the dismissal of his action without prejudice.

Petitioner subsequently filed a motion for leave to proceed in forma pauperis on appeal. (Docket No. 17). He also sought a certificate of appealability. The Court denied petitioner's request for a certificate of appealability on January 2, 2019. (Docket No. 18). However, the Court granted his motion to proceed in forma pauperis on appeal. (Docket No. 20). Nevertheless, there is no indication that petitioner ever filed an appeal with the United States Court of Appeals for the Eighth Circuit.

On March 4, 2019, petitioner filed an affidavit of criminal complaints and an affidavit of reservation of rights. (Docket No. 22). The Court has construed this document as petitioner's response to the Court's order to show cause.

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

**Petitioner's Show Cause Response**

Petitioner's response consists of three separate documents, each titled "Verified Criminal Complaint and Affidavit of Facts." (Docket No. 22 at 2, 6, 10). These affidavits accuse Prosecutor Timothy Boyer, Department of Mental Health Attorney Denise Thomas, and Biggs Unit Director Russel Detrempe of violating his rights because of a mental health detainer that requires him to return to the Fulton State Hospital following the end of his prison sentence. Along with each affidavit is a document titled "Muniment/Droit," in which petitioner asserts that the government has been usurped, resulting in him being kidnapped and "held for a ransom." (Docket No. 22 at 4, 8, 12). Petitioner has also included an "International Proclamation" from the Moorish National Republic. (Docket No. 22 at 16).

**Discussion**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his commitment to a mental health facility. He was ordered to show cause why his petition should not be summarily dismissed for failure to exhaust his state remedies. Petitioner initially indicated that he was going to file an interlocutory appeal, challenging the Court's earlier determinations. No appeal was filed. Eventually, petitioner filed a document with the Court that has been construed as his response. For the reasons discussed below, petitioner's response does not demonstrate that he has exhausted his state remedies. Therefore, the petition must be dismissed.

A. **Exhaustion**

"It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court." *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981). *See also* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement:

> implicates consideration of…whether the petitioner has exhausted all remedies available in the courts of the state at the time the federal habeas corpus petitions is filed, as well as whether he has preserved his claims for federal habeas corpus review by complying with state procedural rules governing their presentation.

*Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barret v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

The requirement that a petitioner exhaust his state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that, in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id*.

As noted in its order of September 24, 2018, the Court has been unable to find any indication that petitioner has filed proceedings in state court regarding his confinement. Petitioner was given the opportunity to demonstrate to the Court that he has applied for either conditional or unconditional release and has exhausted his state remedies. His response, though, is insufficient. Petitioner accuses three individuals of various crimes, and contends that it is wrongful for him to be detained in a mental health facility after the expiration of his criminal sentence of imprisonment. These assertions are not relevant to the issue of whether petitioner has exhausted his state court remedies in the present habeas corpus action. In short, petitioner has not established that he has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

**B. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, as discussed above, it plainly appears that petitioner is not entitled to relief because he has not exhausted his state remedies. There is no evidence that petitioner has sought conditional or unconditional release from commitment in state court. Further, petitioner has not shown that he has finished "one complete round of the state's established appellate review process." Therefore, the petition is subject to summary dismissal.

**C. Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner

5

has not made such a showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Edison Hester's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 1st day of October, 2019.

                                        AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE